UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re:<br><br>6635 W Oquendo LLC,<br><br>        Debtor.<br><br>INTERNATIONAL PROPERTY HOLDINGS, LLC,<br><br>        Plaintiff(s),<br><br>  v.<br><br>6635 OQUENDO LLC, et al.,<br><br>        Defendant(s). | Case No. 2:19-CV-1961 JCM<br><br>ORDER |

Presently before the court is International Property Holdings, LLC's ("appellant") motion to extend time. (ECF No. 16). Appellees 6635 W. Oquendo, LLC, Anca Popescu, Christopher Craig, LV Property Investment Irrevocable Trust, Gasper Meliryan, Catalin Popescu, Steve Yarmy, and Romik Yeghnazary filed a response. (ECF No. 18).

**I. Background**

Yet another associate quit Roger P. Croteau & Associated, Ltd. (ECF No. 16). The associate apparently did so without notice, without finalizing Mr. Croteau's opening brief, and without preparing the appendix. *Id.* at 6. Because of this sudden personnel change, the support staff leaving the office early on Friday, and Mr. Croteau's being—as he admits—"inept at filing on the electronic filing system," Mr. Croteau did not file his client's opening brief until after the 5:00 p.m. deadline. *Id.* at 6–7. On that basis, Mr. Croteau requests yet another extension. *Id.*

1 | The court ordered Mr. Croteau to show cause why this case should not be dismissed if he failed to file his opening brief by the deadline. (ECF No. 13 at 5). The court will consider the arguments in Mr. Croteau's motion to extend time (ECF No. 16) to determine whether there is good cause for his failure to comply with this court's prior orders (ECF Nos. 10; 13).

**II.     Legal Standard**

Federal Rule of Bankruptcy Procedure 8018(a) sets the timeline for bankruptcy appeals as follows:

> (a) Time to Serve and File a Brief. The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:
>
> (1) The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.
>
> (2) The appellee must serve and file a brief within 30 days after service of the appellant's brief.
>
> (3) The appellant may serve and file a reply brief within 14 days after service of the appellee's brief, but a reply brief must be filed at least 7 days before scheduled argument unless the district court or BAP, for good cause, allows a later filing.
>
> (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

Fed. R. Bankr. P. 8018. As demonstrated by the language of the rule, the court may "specif[y] different time limits" and may allow "an extended time" to file a brief. *Id.*

Once the court issues an order setting a deadline, that deadline is governed by Local Rule 26-4. *See* LR 26-4. The rule provides that "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, **or other order** must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension." *Id.* (emphasis added). LR 26-4 further provides that "[a] request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." *Id.*

### III. Discussion

Here, Mr. Croteau's request was made after the expiration of the subject deadline. Consequently, Mr. Croteau must show that his failure to file the opening brief was the result of excusable neglect. LR 26-4.

The Supreme Court addressed the term "excusable neglect"—as it appears in Bankruptcy Rule 9006—in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court interpreted "neglect" as "negligence," and "said that the 'excusable' portion of the term would provide the limitations necessary to prevent abuse by the parties (at least in the bankruptcy context, but presumably wherever there is an exception for excusable neglect)." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996) (analyzing *Pioneer Inv. Servs.*, 507 U.S. 380). The Court then provided four factors for courts to consider when determining whether neglect is "excusable":

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs.*, 507 U.S. 380, 395 (1993).

"These four enumerated factors, while not an exclusive list, provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones Hotel & Casino*, 116 F.3d at 381.

The court now considers whether Mr. Croteau's neglect is excusable under the *Pioneer Inv. Servs.* factors. First, there is—and has been—a danger of prejudice to the debtor, whose bankruptcy proceeding has been delayed by Mr. Croteau's continued need for extensions at every stage of the underlying proceeding. Now on appeal, Mr. Croteau continues to impede the debtor's bankruptcy while simultaneously admitting that "[t]he [d]ebtor did not commit any of the wrongful acts alleged in the [c]omplaint." (ECF No. 16 at 3).

- 3 -

1    The court also notes that the length of the delay and its potential impact on judicial proceedings weight against continued extensions of time. As appellees noted regarding appellant's first motion to extend time, "[i]n this case, there have been approximately nine [e]xtensions of time surrounding the motion to dismiss that is at issue now." (ECF No. 12 at 5). Although this particular extension is minimal, it comes on the heels of an eleventh-hour request to extend an already-enlarged deadline. (*See* ECF Nos. 8 (setting original briefing schedule); 10 (granting a stipulation for extension of time); 13 (granting appellant's eleventh-hour motion for extension of time)).

The court next considers the third and fourth factors: the reason for the delay, whether it was within the reasonable control of the movant, and whether the movant acted in good faith. The court notes that a scintilla of foresight would have prevented this comedy of errors from escalating. Mr. Croteau indicates that, "as a rule," he "works twelve (12) hours a day on average of six (6) days per week" and "does not behave in a dilatory manner." (ECF No. 16 at 9–10). Nonetheless, Mr. Croteau—who had represented to the court that his opening brief would be complete by January 21 (ECF No. 11)—did not review his associate's work on the brief until 3:40 p.m. on January 24. (ECF No. 16 at 6). Only then did he realize that his brief had not been finalized and his appendix was not completed. *Id.* Rather than finalize the brief himself, Mr. Croteau "attend[ed] to another matter." *Id.*

Although the associate's untimely resignation may have been beyond Mr. Croteau's control, Mr. Croteau's decision not to review his associate's work was within his control. If Mr. Croteau ensured he was ready to file his opening brief on his requested January 21 deadline, he would have reviewed his associate's work before January 24. He would have then discovered that his associate did not complete the opening brief or appendix.

The court finds that Mr. Croteau's neglect is not excusable under the *Pioneer Inv. Servs.*, particularly in light of his consistent inability to meet this court's deadlines. Accordingly, the court denies appellant's motion to extend time, strikes appellant's opening brief, and dismisses appellant's appeal.

. . .

James C. Mahan
U.S. District Judge

- 4 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that appellant's motion to extend time (ECF No. 16) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that appellant's opening brief be, and the same hereby is, STRICKEN.

IT IS FURTHER ORDERED that appellant's appeal be, and the same hereby is, DISMISSED.

The clerk is instructed to enter judgment and close the case accordingly.

DATED February 3, 2020.

_____
UNITED STATES DISTRICT JUDGE